Hall, Judge.
 

 The act of 1794,
 
 (Rev. ch.
 
 414,
 
 sec.
 
 17,) declares, that in all cases where appeals shall be granted from the judgment of a Justice of the Peare, the acknowledgment of the surety for the appeal, subscribed in bis own band-writing, attested by the Justice, shall be sufficient to bind the surety to abide by, and perform the judgment of the Court. They are bound in an obligation similar to that, which sureties enter into, for appeals from the County to the Superior Courts. They are both, like special bail, sureties to the action, but are more strongly bound. For they cannot, as special bail can, surrender their principals in discharge of themselves.
 

 In a suit brought to the County Court, if special bail be taken, and the Plaintiff appeal to the Superior Court from a judgment rendered against him, if the Plaintiff obtain a judgment in the Superior Court, no doubt can be entertained but that the special bail would be liable, although it should be stated in the bail bond, that they were bail in a suit brought to the County Court. They are bail to the action, and liable to any judgment obtained in it. So the surety for a»
 
 *111
 
 appeal f-om a justice, is bound for the action, and obliged to p "iortn whatever judgment is obhct.ied in it. If | it be asked, why is it. necessary tic a Det 'idant to give sureties for an appeal to the Superior Court, when his special bail are liable ? the answer is, that the law requires additional security for the performance of the judgment, from which, the sureties cannot exonerate themselves by a surrender of their principal, and against whom judgment can be
 
 instanter
 
 entered up, together with the principal. Suppose the surety in question only bound to perform the judgment of the County Court, and the Defendant, prevailing in that Court, the Plaintiff appealed and obtained a judgment in the Superior Court, the Plaintiff would have no security ; and tliis without any default on his part — a predicament la which the law never contemplated placing a creditor.,
 

 Per Curiam. — Let the judgment be affirmed.